Porter, J.
delivered the opinion of the court. The house of Eastburn & Co. of New-York, being indebted to a certain John Day city, he commenced suit against them ⅛-this state, by an attachment, which was l^ied on credits and effects of said Eastburn Co- ⅛the hands of Benjamin Hanna. Judg-ment was obtained in this suit, and execution issued. Before the money was made on it, Hanna became insolvent, and further proceedings -were stayed. The parish court finally directed the property to be sold, and the proceeds held subject to the privileges which the creditors might have had on the thing disposed of
*233 East’n District.
April, 1822.
The syndics of Hanna subsequently filed a tableau of distribution. Day, the plaintiff in this action, opposed it, and insisted on being placed thereon as a privileged creditor, in consequence of the lien created by the execution levied on Hanna’s property, as garnishee, in the present suit. To get clear of the privilege thus claimed, the syndics have taken this appeal, and now, as on behalf of the defendants, Eastburn & Co., assign errors on the face of the record, and pray that the judgment be reversed.
If it was necessary to examine the question, it would be perhaps found that the right of appealing from judgments by persons not parties to them, must be confined to those who had an interest in the matter in dispute, at the time judgment was rendered. It is unnecessary however to examine a point not free from difficulty, when the case can be decided on the simplest and surest of all grounds — the clear and positive provision of a statute.
Judgment was rendered on the 14th day of December, 1819; the petition of appeal and order granting it, are of date the 23d February, 1822.
Seghers for plaintiff, Workman for defendants.
An act of our legislature, Martin's Dig. 438, has provided that no appeal shall be allowed unless within two years after rendering or passing the judgment or decree complained of, and there is no saving, except for infants or persons insane.
This act contains negative expressions; it of course repeals former laws which are different from it. And were we to say that an appeal might be taken after two years had elapsed, when the statute says no appeal shall be allowed unless within that time, we would be enacting laws, not expounding them.
It is therefore ordered, adjudged and decreed, that the appeal be dismissed with costs.